FILED
2018 APR 18 PM 12: 58
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**CASE NO:** 6:18-cv-602-ORL-41-KRS

KELVIN GOMEZ,

    Plaintiff,

v.

ACORN STAIRLIFTS, INC.,

    Defendant.

_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendant, ACORN STAIRLIFTS, INC. ("Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida. The removal of this action is based upon the following:

1. On or about March 7, 2018, Plaintiff, Kelvin Gomez ("Plaintiff"), filed his Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, captioned as *Kelvin Gomez v. Acorn Stairlifts, Inc., LLC*, Case No. 2018-CA-002416-O, Division: 33 (the "State Action"). A copy of the State Action was served on Defendant on March 19, 2018. This constituted Defendant's first legal notice of the State Action for purposes of removing the State Action to this Court. An Order Granting Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint until April 23, 2018.

2. A true and correct copy of Plaintiff's Complaint, Summons to the Defendant, Defendant's Motion for Extension of Time, and Unopposed Order Granting Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint are attached hereto as Exhibit "A" and

LEGAL\35164999\1

incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10(c). No other process, pleadings or orders have been served upon Defendant.

3. Plaintiff's six-count Complaint seeks damages for alleged unpaid overtime compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*. [*See* Complaint at ¶¶ 35-44.

4. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court, 28 U.S.C. § 1441(a); *see, e.g., Lawson v. Garcia-Lawson*, 398 Fed. Appx. 572, 572-73 (11th Cir. Oct. 6, 2010); *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1311 (S.D. Fla. 2012).

5. Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1331. Because this action arises under federal law, district courts have original jurisdiction pursuant to 28 U.S.C. § 1331. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) ("The FLSA provides that an action 'may be maintained . . . in any Federal or State court of competent jurisdiction' . . . and the district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331.") Indeed, the United States Supreme Court has specifically ruled that an action brought under the Fair Labor Standards Act, once started in state court, is removable to federal court. *Id.*

6. This Notice of Removal is filed within thirty (30) days after the date on which Defendant first received notice of the State Action. *See* 28 U.S.C. § 1446(b). Defendant filed a motion for extension of time to respond to the complaint but has not filed any responsive pleadings in said matter.

7. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8. Defendant has, simultaneously with the filing of this Notice of and Petition for Removal, giving written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

9. A copy of this Notice of and Petition for Removal has simultaneously been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, as required by 28 U.S.C. § 1446(d).

10. Venue is proper in the Middle District of Florida in that the State Court action is pending within the jurisdictional confines of this district.

**WHEREFORE**, Defendant, ACORN STAIRLIFTS, INC., hereby removes this case to the United States District Court for the Middle District of Florida.

Date: April 17, 2018

Respectfully submitted,

/s/ Susan N. Eisenberg
Susan N. Eisenberg
Florida Bar No. 600393
seisenberg@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd.
Suite 3000
Miami, Fla. 33131
Telephone: 305-704-5944
Facsimile: 305-704-5955

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/ Susan N. Eisenberg_
Susan N. Eisenberg

## SERVICE LIST

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

*Kelvin Gomez v. Acorn Stairlifts, Inc.*

**Case No:** _____

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
nl@rgpattorneys.com
Michelle Muskus, Esq.
mm@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

*Served via CM/ECF*


Susan N. Eisenberg
Florida Bar No. 600393
seisenberg@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd.
Suite 3000
Miami, Fla. 33131
Telephone: (305) 704-5944
Facsimile: (305) 704-5955
*Counsel for Defendant*

*Served via CM/ECF*