Filing # 68951836 E-Filed 03/07/2018 04:44:42 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

KELVIN GOMEZ,

    Plaintiff,

vs.                                             Case No.

ACORN STAIRLIFTS, INC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, KELVIN GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, ACORN STAIRLIFTS INC ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Orange County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ACORN STAIRLIFTS INC, is a Florida Profit Corporation having its main place of business in Orange County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County and payment was due in Orange County.

6. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9. Plaintiff began working for Defendant on or about May 2017 until on or about November 17, 2017 as an installer. His primary duties included installations and perform repairs.

10. At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Plaintiff and Defendant had an agreement that Plaintiff would be compensated a commission for any sales that he performed.

12. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

13. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

14. Throughout Plaintiff's employment, he would buy materials and tools to do the jobs and would not be compensated for those materials by Defendant.

15. Additionally, throughout Plaintiff's employment, he was not compensated for all the work performed. Specifically, Defendant would routinely deduct time from Plaintiff's paycheck even if Plaintiff did not take a break.

16. Plaintiff complained to Agnus (LNU) in the Human Resources Department, Denis (LNU) and Allen (LNU) regarding Defendant's failure to reimburse Plaintiff for the materials, his unpaid commissions and improper deductions to hi pay.

17. On November 15, 2017, Plaintiff complained about the improper deductions and Defendant's failure to properly compensate Plaintiff for all hours worked.

18. On or about November 17, 2017 Defendant terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement against*
### ACORN STAIRLIFTS INC

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

21. Defendant further breached the agreement with Plaintiff by failing to pay Plaintiff all the commissions earned by Plaintiff during his employment.

22. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit against*
ACORN STAIRLIFTS INC

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

24. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

25. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

26. Defendant accepted Plaintiff's services to Defendant.

27. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

28. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment against*
### ACORN STAIRLIFTS INC

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

30. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

31. Defendant have knowledge of the services performed and provided by Plaintiff.

32. Defendant voluntarily accepted the services performed and provided by Plaintiff.

33. Defendant unjustly benefited from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

34. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against*
### ACORN STAIRLIFTS INC

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours

unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

38. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

39. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

40. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

42. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

43. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

44. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF FLSA / MINIMUM WAGE

45. Plaintiff re-alleges and re-avers paragraphs 1–18, as fully set forth herein.

46. During the course of Plaintiff's employment, Plaintiff was not compensated at all for many hours worked for Defendant.

47. Specifically, Defendant would deduct hours of Plaintiff's time throughout his employment, even if Plaintiff did not take a break.

48. During his employment, Plaintiff would constantly work eight hour days without a break. Plaintiff performed work for which he was not paid.

49. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

50. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FLSA Retaliation Violation against*
### ACORN STAIRLIFTS INC

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

52. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

53. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

54. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

55. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65

years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 7, 2018

                                  Respectfully submitted,

                                  /s/ Nathaly Lewis, Esq.
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No. 118315
nl@rgpattorneys.com
**Michelle Muskus, Esq.**
Florida Bar No.: 1003077
mm@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005