## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**KELVIN GOMEZ,**

        **Plaintiff,**

**v.**                            **Case No:   6:18-cv-602-Orl-41KRS**

**ACORN STAIRLIFTS, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION WITH PREJUDICE (Doc. No. 34)** |
| **FILED:** | **January 16, 2019** |

### I.    BACKGROUND.

On May 9, 2018, Plaintiff, Kelvin Gomez, filed a complaint against Defendant, Acorn Stairlifts, Inc.   Doc. No. 10.   In the amended complaint, Plaintiff asserted that Defendant violated the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.   *Id.*   He also asserted a claim for FLSA retaliation and claims for breach of agreement and unjust enrichment under Florida common law.   *Id.*   As to his FLSA overtime and minimum wage claims, Plaintiff contended that he was entitled to unpaid overtime compensation, unpaid minimum wages, and liquidated damages pursuant to the FLSA.   *Id.* at 7-8.   He also sought back

pay, front pay, compensatory damages, and other relief in connection with his other causes of action. *Id.* at 3-9.

On January 10, 2019, the parties filed a motion requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 32.   I denied that motion without prejudice because the parties did not file their settlement agreement in the public record.   Doc. No. 33.

The parties have now filed a renewed motion for settlement approval.   Doc. No. 34.   The motion is supported by a settlement agreement.   Doc. No. 34-1.   In the motion, the parties stipulated to a dismissal of this action with prejudice.   Doc. No. 34-1.   The matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th

Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Whether Plaintiff Has Compromised His Claims.*

Under the amended settlement agreement, Defendant will pay Plaintiff a total of $8,750.00—$2,500.00 for back wages and $2,500.00 to Plaintiff for "all other damages."   Defendant will also pay $3,750.00 to Plaintiff's attorneys.   Doc. No. 34-1 ¶ 2.   In his answers to the Court's FLSA Interrogatories, Plaintiff averred that he was entitled to "$7,168.00 in overtime pay alone."   Doc. No. 21, at 2.   Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### B.    *Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.   The parties agree that this action involves disputed issues, including disputes about adjustments made to Plaintiff's timesheets during his employment.   Doc. No. 34, at 4.   These disputes explain the parties' compromise, and I recommend that the Court find that the amount of the compromise is reasonable.   *Cf. Bonetti*, 715

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

   C.   *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

   Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept.   *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $3,750.00.   Doc. No. 34-1 ¶ 2.   The parties represent that the attorneys' fees and costs being paid by Defendant under the settlement agreement were not a percentage of any recovery in this case and that no portion of Plaintiff's recovery was apportioned to attorneys' fees and costs because the parties separately negotiated those fees and costs.   Doc. No. 34, at 2-3.   Although this is not exactly the language approved by the Court in *Bonetti*, it appears that counsel did not calculate the fees to be paid in the settlement agreement on the basis of a contingent fee agreement and that the amount to be paid for attorneys' fees and costs did not reduce the amount Plaintiff agreed to accept to settle his other claims.   Thus, in the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claims.   *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

   D.   *Whether the Written Waiver Clause Undermines the Fairness or Reasonableness of the Settlement Agreement.*

   I note that the last sentence of Paragraph 5 of the settlement agreement provides, "No waiver of any provision of this Agreement will be valid unless it is writing and signed by the party against whom such waiver is charged."   Doc. No. 34-1 ¶ 5.   The Court cannot find an agreement to be fair

- 4 -

and reasonable unless it is in final form, with no opportunity for amendment.   Nonetheless, the agreement provides, "[I]f the Court approves the Settlement and this Agreement with modifications, the Parties' obligations under this Agreement shall be governed by the Court's Order."   *Id.* ¶ 1. Although the settlement agreement does not include a traditional severability clause, this provision allows the Court to modify the parties' agreement.   Accordingly, I recommend that the Court strike the last sentence of Paragraph 5 from the settlement agreement.

> E.    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable.   *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").   The settlement agreement provides that Plaintiff is releasing all claims "which have arisen or could have arisen regarding payment of wages prior to the date of this Agreement, whether now known or unknown, suspected or unsuspected, against any of the Released Parties."   Doc. No. 34-1 ¶ 4.   It goes on to provide:

> Plaintiff agrees that this release shall be construed as broadly as possible and shall include all claims which Plaintiff brought or could have brought in the Litigation, including without limitation: (a) any contractual or other claims of wage payment Plaintiff may have against any or all of the Released Parties; (b) claims, if any, related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties, including but not limited to the Fair Labor Standards Act of 1938, as amended, and the Florida Minimum Wage Act; (c) claims, if any regarding accrued leave, vacation, bonuses commissions, or any other form of benefits connected with Plaintiff's employment relationship with any or all of the Released Parties; and (d) claims or allegations for costs, fees or other expenses including attorney's fees related to the Litigation.

*Id.*[2]

---

[2] Although the release does not explicitly mention Plaintiff's FLSA retaliation claim or his unjust

Insofar as this language is limited to the claims brought in this lawsuit and any claims Plaintiff might have under related state or local wage-payment laws, I note that the presiding District Judge has previously approved such releases.  *See, e.g.*, *Grissam v. Ranraj Singh Dhanju I, Inc.*, No. 6:16-cv-1368-Orl-41KRS, Doc. No. 19 (M.D. Fla. Dec. 13, 2016) (approving settlement in case that alleged only FLSA claims but settlement agreement released all claims "arising out of or under the FLSA and/or Florida state or local law governing the payment of wages.").   However, Subsection (b)—which releases "claims, if any related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties"— arguably extends further to include, for example, a claim under Title VII of the Civil Rights Act that Defendant discriminatorily paid Plaintiff less than similarly situated women.   Here, the parties have not provided the Court with any information about the existence or potential value of any claims that might be included in Subsection (b).   This is problematic because judges in this district have previously expressed concern about approving releases that extend to unknown claims because of the challenge of valuing such claims.  *See Shearer v. Estep Constr. Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 U.S. Dist. LEXIS 65832, at *9-10 (M.D. Fla. May 20, 2015) (rejecting a settlement agreement that contained a mutual general release because the fundamental impediment to approval of a general release is the valuation of unknown claims).   Nonetheless, it is also true that the release of claims other than FLSA wage claims (including Plaintiff's breach of agreement, unjust enrichment, and FLSA retaliation claims) is generally not subject to judicial scrutiny.  *See, e.g.*, *Rosado v. Melao Bakery,* LLC, No. 6:15-cv-1060-Orl-41KRS, Doc. No. 26, at 1 (M.D. Fla. June 19, 2017).

---

enrichment claim, it appears that the parties contemplate the release of those claims because the agreement provides that the release includes "all claims which Plaintiff brought or could have brought in the Litigation." Doc. No. 34-1 ¶ 4.

- 6 -

There does not appear to be any binding authority regarding whether a provision such as that included in Subsection (b) of the release makes an FLSA settlement unfair or unreasonable, particularly when the plaintiff also pursues claims other than FLSA wage claims.   Thus, if the Court finds that subsection (b) does not make the settlement unfair or unreasonable, then it may approve the parties' settlement (as modified above, by Section D of this Report and Recommendation).   If, however, the Court concludes that the breadth of Subsection (b) of the release makes the settlement unfair or unreasonable, then I recommend that the Court deny the parties' motion for settlement approval without prejudice.   Although the settlement agreement suggests that the parties have agreed that the Court can make some modifications to their agreement, in my experience, most litigants do not consent to a significant modification of the terms of their release, such as the modification that would occur if the Court struck Subsection (b) from the agreement.   Thus, I recommend that the Court deny the motion for settlement approval without prejudice so that the parties may renegotiate the settlement and revise the settlement agreement, if necessary.

      E.      *Whether the Court Should Retain Jurisdiction to Enforce the Settlement.*

Finally, the parties have asked the Court to retain jurisdiction over this case for purposes of enforcing the settlement agreement.   Doc. No. 34, at 2.   "Courts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement." *Schisler v. Sam's West, Inc.*, No. 6:15-cv-517-Orl-22KRS, 2016 WL 2866216, at *3 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted by* 2016 WL 2854273 (M.D. Fla. May 16, 2016) (quoting *Santiago-Valle v. Transition House, Inc.¸* No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS, at *12 (M.D. Fla. Dec. 10, 2015), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015)).   Here, the parties have provided no reason that the Court should retain jurisdiction and have cited no authority supporting their request.   The parties

may resort to the state courts if either side breaches the terms of the amended settlement agreement. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) ("[E]nforcement of the settlement agreement is for state courts . . . ."). Accordingly, I recommend that the Court deny the parties' request.

## IV.   RECOMMENDATIONS.

In light of the foregoing, if the Court finds that Subsection (b) of the release does not render the settlement unfair or unreasonable, I respectfully **RECOMMEND** that the Court:

1.   **GRANT in part** the Joint Motion to Approve Settlement and Dismiss Action with Prejudice (Doc. No. 34);

2.   **STRIKE** the last sentence of Paragraph 5 of the settlement agreement (Doc. No. 34-1 ¶ 5 ("No waiver of any provision in this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged."));

3.   **FIND** that the parties' settlement agreement (Doc. No. 34-1), as revised above, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4.   **PROHIBIT** counsel from withholding any portion of the $5,000.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

5.   **DISMISS** the case with prejudice;

6.   **DECLINE** to retain jurisdiction to enforce the settlement agreement; and

7.   **DIRECT** the Clerk of Court to close the file.

If, however, the Court finds that Subsection (b) of the release renders the settlement unfair or unreasonable, then I **RESPECTFULLY RECOMMEND** that the Court **DENY without prejudice** the Joint Motion to Approve Settlement and Dismiss Action with Prejudice (Doc. No. 34).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 18, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy