UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELVIN GOMEZ,**

      **Plaintiff,**

v.                                             Case No: 6:18-cv-602-Orl-41KRS

**ACORN STAIRLIFTS, INC.,**

      **Defendant.**

**ORDER**

THIS CAUSE is before the Court on the Joint Motion to Approve Settlement and Dismiss Action with Prejudice (Doc. 34). United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation (Doc. 35), in which she recommends approval of the Settlement Agreement (Doc. 34-1) with slight modifications. The parties filed a joint Notice of Non-Objection to Report and Recommendations of Magistrate (Doc. 36).

After a *de novo* review of the record, the Court agrees with the analysis in the Report and Recommendation. However, there is one matter that Judge Spaulding examined for the Court but, ultimately, did not make a recommendation on—whether the sentence in paragraph 4, subsection (b) that releases "claims, if any related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties" renders the Settlement Agreement unfair or unreasonable. (Doc. 35 at 6). Specifically, Judge Spaulding's concern was that this language could be construed to include a broader range of claims such as one that Plaintiff was discriminatorily paid less than similarly situated women. (*Id.*). Judge Spaulding was hesitant to strike subsection (b), viewing it as a significant modification of the agreement. (*Id.* at 7). However, the entire subsection need not be stricken. Instead, subsection (b) can be limited to include only claims arising under the Fair Labor Standards Act and the Florida Minimum Wage

Act. The remainder of the lengthy release is sufficient to protect Defendant from litigation of similar unpaid wage related claims.[1]

Accordingly, it is **ORDERED** and **ADJUGED** as follows:

1. The Report and Recommendation (Doc. 35) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Joint Motion to Approve Settlement and Dismiss Action with Prejudice (Doc. 34) is **GRANTED in part**.

3. The Settlement Agreement (Doc. 34-1) is **APPROVED** as modified herein.

    a. The last sentence of paragraph 5 of the Settlement Agreement is **STRICKEN**.

    b. Paragraph 4, subsection (b) of the Settlement Agreement is limited to waiving only claims under the Fair Labor Standards Act and the Florida Minimum Wage Act.

4. Counsel is prohibited from withholding any portion of the $5000.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise.

5. This case is **DISMISSED with prejudice**.

6. The Court declines to retain jurisdiction to enforce the settlement agreement.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

---

[1] It is worth noting that the parties did not address this issue in their Notice of Non-Objection, apparently content with whichever path the Court decided to take.

Copies furnished to:

Counsel of Record